# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 21, 2006 Session

## GORDON C. COLLINS v. BARRY L. ARNOLD ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 02C-807    Hamilton V. Gayden, Jr., Judge

_____

**No. M2004-02513-COA-R3-CV - Filed November 20, 2007**

_____

WILLIAM C. KOCH, JR., P.J., M.S., with whom FRANK G. CLEMENT, JR., J., joins, concurring.

        I am in complete agreement with the court's conclusions that the judgment in this case must be reversed because the trial court refused to give an instruction warranted by the facts and that the evidence does not warrant an award of punitive damages against either Graham Brothers Entertainment of Nashville or Tennessee Protection Agency. Because this case must be retried, I write separately with regard to the admissibility of the evidence regarding Mr. Gangwer's prior conviction.

        Counsel for Mr. Collins sought to undermine Mr. Gangwer's credibility by proving that he had lied on his application to the Tennessee Alcoholic Beverage Commission by stating that he had never been convicted of a crime involving moral turpitude. The conviction upon which counsel relied was a thirteen-year-old conviction in Florida. Despite the plain requirements of Tenn. R. Evid. 609(b), counsel purposefully did not provide his adversary with reasonable written notice prior to trial of his intent to impeach Mr. Gangwer with this conviction. As a result, the jury was permitted to hear not only that Mr. Gangwer had, in fact, been convicted of a crime involving moral turpitude but also what that crime was.

        The court has correctly concluded that the fact that Mr. Gangwer had been convicted of a crime involving moral turpitude was relevant to his credibility in light of his false answer on the Alcoholic Beverage Commission application. It has also correctly concluded that the nature of Mr. Gangwer's conviction was not probative of Mr. Gangwer's truthfulness and that the prejudicial effect of this evidence substantially outweighed its probative value. However, I cannot agree with the court's conclusion that the admission of the evidence regarding the nature of Mr. Gangwer's conviction was harmless error. Given society's aversion to sexual predation of minors, I am not prepared to hold that the evidence that Mr. Gangwer had been convicted of "lascivious assault on a child under the age of 14" did not affect the judgment.

                                          _____
                                          WILLIAM C. KOCH, JR., P.J., M.S.